**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5267-16T4

GRANVILLE B. FASSETT,

 Plaintiff-Respondent,

v.

LISA FASSETT,

 Defendant-Appellant.

_____

Submitted March 20, 2019 – Decided May 13, 2019

Before Judges Koblitz and Currier.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-14-0796-15.

Gruber, Colabella, Liuzza & Thompson, attorneys for appellant (Virginia D. Liotta, on the briefs).

Gebhardt & Kiefer, PC, attorneys for respondent (William J. Rudnik, on the brief).

PER CURIAM

In this matrimonial action, defendant Lisa Fassett appeals from the June 26, 2017 order for final dual judgment of divorce (FJOD). She specifically appeals the equitable distribution ruling incorporated in the FJOD. After a review of the contentions in light of the record and applicable principles of law, we affirm.

The parties separated in 2014, after five years of marriage. Both had been married before, and each came into this marriage with certain premarital assets. Plaintiff Granville Fassett, who was sixty-three years old at the time of the marriage, was working full-time. However, in 2012, he left his employment due to a medical disability, and he received disability benefits for the next two years. Defendant, then forty-six, was pursuing a doctorate degree and intended to open her own practice.

Just prior to their marriage, plaintiff purchased a home. The title and mortgage were solely in his name as defendant's divorce had not yet finalized. Defendant provided the deposit monies for the purchase and both parties contributed to the closing costs. During the marriage, the parties contributed equally to the monthly marital expenses.

After plaintiff left the marital home in February 2014, he stopped paying the mortgage and foreclosure proceedings ensued. Plaintiff thereafter filed for

bankruptcy, where the mortgage loan and significant credit card debt[1] was discharged.

Both parties waived alimony and the matter proceeded to trial to resolve the issues of equitable distribution and counsel fees. In a well-reasoned written decision issued on June 26, 2017, the Family Part judge considered the factors under N.J.S.A. 2A:34-23.1 and determined the eligible property should be divided equally. He, therefore, granted defendant half of the marital portion of plaintiff's premarital 401K and money market fund. He also split defendant's credit card debt equally between the parties, finding "much of the amount was spent in furtherance of the marriage and marital obligations."

As to defendant's $83,000 of student loans obtained to finance her Ph.D, the judge noted a portion of the loans preceded the marriage, and defendant incurred the debt solely to advance her own economic opportunity and not to benefit plaintiff. Nevertheless, the judge awarded defendant a credit of $25,000 for the loans, as "equitable under the circumstances." The judge declined to award counsel fees to either party as he determined that both were responsible for failing to resolve their issues prior to a trial.

---

[1] A portion of the credit card debt was marital and would have been subject to division during the divorce proceedings.

On appeal, defendant contends the judge erred in his application of the statutory criteria under N.J.S.A. 2A:34-23.1 and in failing to award her the full value of plaintiff's 401K.

We review the Family Part judge's findings in accordance with a deferential standard of review, recognizing the court's "special jurisdiction and expertise in family matters." Cesare v. Cesare, 154 N.J. 394, 413 (1998). Thus, "findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Id. at 411-12 (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)).

This was a short-term marriage. Defendant seeks to return to her economic status held prior to the marriage. Intervening economic and medical circumstances make that impossible. The judge carefully considered each statutory factor for equitable distribution under N.J.S.A. 2A:34-23.1 and determined an equal division of the parties' eligible property was appropriate. See N.J.S.A. 2A:34-23(h) (explaining equitable distribution is limited to "the property . . . which was legally and beneficially acquired by [the parties] or either of them during the marriage").

Defendant received half of the marital portion of plaintiff's pre-marital 401K and money market fund. She also received half of the marital portion of

her credit card debt.[2] Finally, the judge awarded her a credit towards her student loan debt, much of which was incurred prior to her marriage and was solely for her benefit.

The trial judge's order was supported by the credible evidence in the record and we see no reason to disturb his thoughtful rulings.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] We note defendant received a benefit from plaintiff's bankruptcy filing and the subsequent discharge of the marital home mortgage, and plaintiff's credit card debt incurred during this marriage.

A-5267-16T4